UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| THE UNITED STATES OF AMERICA | 05-CR-290E |
| -vs- | MEMORANDUM |
| | and |
| ROBERT PAUL FENEZIANI | ORDER[1] |

---

On October 26, 2005, defendant Robert Paul Feneziani ("Feneziani") was charged in a six-count Indictment with making various false statements on the United States Government Standard Form 86 ("SF 86") in violation of 18 U.S.C. §1001(a)(3). On February 13, 2006, Feneziani filed an omnibus Motion seeking a bill of particulars, discovery, to dismiss the indictment and to suppress certain evidence. On August 25, 2006, Magistrate Judge H. Kenneth Schroeder, Jr. issued a Report, Recommendation and Order in which he recommended that the request for the suppression of evidence and dismissal of the indictment be denied. Also on August 25, 2006, Magistrate Judge Schroeder issued a separate Decision and Order denying the Motion for bill of particulars and for discovery. After several extensions of time in which to file objections to the Report, Recommendation and Order, Feneziani filed Objections on December 4, 2006. The Government filed a memorandum in response on January 19, 2007. After several more extensions of time, Feneziani filed a reply memorandum on April 11, 2007 and the Court heard oral argument on the Objections on May 11, 2007.

---

[1] This decision may be cited in whole or in any part.

The district court reviews *de novo* the portions of a Report and Recommendation to which specific objections have been filed. *See* 28 U.S.C. §636(b)(1)(A). When undertaking such review, the Court generally does not consider evidence or arguments which could have been but were not presented to the Magistrate Judge. *See Patterson-Leitch Co., Inc.* v. *Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). Furthermore, objections are not to be considered a "second bite at the apple" and an opportunity to reargue that which was presented to but rejected by the Magistrate Judge. *See Camardo* v. *Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992).

With respect to the objections to or appeal of the Magistrate Judge's Decision and Order pertaining to the denial of a bill of particulars and discovery, the Court reviews the Order and Feneziani's objections thereto under the "clearly erroneous or contrary to law" standard of review. *See* 28 U.S.C. §636(b)(1)(A). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *See Garcia* v. *Teitler*, 443 F.3d 202, 211 (2d Cir. 2006) (*citing United States* v. *United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Upon such review, this Court has determined that Magistrate Judge Schroeder's Decision and Order is not clearly erroneous or contrary to law. The indictment provides ample notice of the statements at issue and the particular statements alleged to be false and Feneziani has shown no need for a bill of

particulars. Likewise, there is no need for discovery. The government has indicated that it has complied with Rule 16 of the Federal Rules of Criminal Procedure ("FRCrP") and has acknowledged its continuing obligation to disclose materials required by FRCrP 16 as well as its obligations pursuant to *Brady* v. *Maryland*, 373 U.S. 83 (1963), *Giglio* v. *United States*, 405 U.S. 150 (1972), and the Jencks Act. Finally, Feneziani has not satisfied the rigorous standard necessary to obtain discovery on his claim of vindictive prosecution.

The Court has also conducted a *de novo* review of the portions of the Report, Recommendation and Order to which Feneziani has objected. Upon such review, the Court concurs with the findings of Magistrate Judge Schroeder and concludes that the Report, Recommendation and Order should be adopted in its entirety.

The prosecution of Feneziani for allegedly making false statements on his SF 86 form is not barred by the Paperwork Reduction Act, 44 U.S.C. §3501 *et seq.*, as such act plainly indicates that no person shall be penalized for *failing to provide information* solicited by a form lacking a number showing approval for the collection of such information by the Office of Management and Budget. *See* 44 U.S.C. §3512. Feneziani has failed to cite any case in which a prosecution was held invalid under the Act where the defendant allegedly provided *false* information solicited by such a form.

Dismissal of the indictment based on the claim of vindictive prosecution should likewise be denied as recommended by Magistrate Judge Schroeder.[2]  Initially, a criminal complaint was lodged against Feneziani on September 8, 2005, alleging that he had made false statements on a Department of Defense form.  Eight days later, the government voluntarily and with leave of Court dismissed that criminal complaint without prejudice.  Prior to the dismissal of the criminal complaint, Feneziani and his counsel were advised that the matter would continue to be investigated by the grand jury.

Feneziani claims that he has demonstrated a " reasonable likelihood" that this prosecution by indictment is vindictive because the agent of the Federal Bureau of Investigation involved in this case included in his affidavit in support of the criminal complaint inflammatory allegations concerning statements Feneziani was reported to have made and which allegations were later revealed to be false.  Feneziani claims that the agent, the government and, specifically, the Joint Terrorism Task Force, were so embarrassed by the revelation that those allegations proved to be false that this prosecution must be motivated by vindictiveness.  For the reasons stated in Magistrate Judge Schroeder's Report, Recommendation and Order, the Court concludes that Feneziani has failed to point to any evidence demonstrating a "reasonable likelihood" of vindictiveness.

---

[2] Despite comments Magistrate Judge Schroeder may have made at oral argument on the Motions, his Report, Recommendation and Order is clear and he concluded that Feneziani's Motions lack merit and the prosecution should proceed.

The Court also concurs with Magistrate Judge Schroeder's conclusions that Feneziani has failed to demonstrate any evidence tending to show any prosecutorial misconduct in the grand jury proceedings, and that this prosecution should be not estopped by the government's alleged failure to provide Feneziani with an opportunity to explain his allegedly false statements, and that this indictment should not be dismissed because the Department of Defense does not have primary jurisdiction over the offense. Finally, Feneziani has failed to demonstrate that his medical records were obtained in violation of any privacy right and therefore his motion to suppress those records should be denied.

Accordingly, for the reasons stated herein and for the reasons stated by Magistrate Judge Schroeder, it is **ORDERED** that Feneziani's objections to the Report, Recommendation and Order and to the Decision and Order are DENIED and the Report, Recommendation and Order and the Decision and Order are adopted in their entirety; and

It is further **ORDERED** that, as all Motions have been decided, this matter is ready for trial and is transferred to the Honorable Richard J. Arcara, Chief United States District Judge, for trial purposes.

DATED:   Buffalo, N.Y.
         June 1, 2007

                                                  /s/ *John T. Elfvin*
                                                   JOHN T. ELFVIN
                                                    S.U.S.D.J.