UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

DECISION AND ORDER
05-CR-290A

ROBERT PAUL FENEZIANI,

Defendant.

## INTRODUCTION

Currently before the Court is the motion of defendant Robert Paul Feneziani for recusal of the Court. The government opposes the motion. Oral argument on the motion was scheduled for July 6, 2007, but defense counsel failed to appear. The Court subsequently received a letter from defense counsel apologizing and explaining that he did not notice the date on his calendar. The Court decided to proceed without oral argument as the issues regarding the motion had been adequately briefed.

For the reasons stated, defendant's recusal motion is denied.

## BACKGROUND

On October 26, 2005, a federal grand jury returned an indictment against the defendant charging him with six counts of making false statements, in violation of 18 U.S.C. § 1001. The case was originally assigned to Hon. John T.

Elfvin. On February 13, 2006, defendant moved to dismiss the indictment on various grounds, including vindictive prosecution and prosecutorial misconduct.

On February 23, 2006, a federal grand jury issued a subpoena for the testimony of defendant's brother Thomas Feneziani. On March 6, 2006, Thomas Feneziani moved to quash the subpoena on the ground that it was being used for an improper purpose, *i.e.*, to prepare the instant case for trial. On March 7, 2006, the government filed a response to the motion to quash, which included an *ex parte* affidavit explaining the nature of the new grand jury investigation. On March 10, 2006, the defendant moved to intervene in the motion to quash the subpoena, also arguing that the subpoena should be quashed because it was being used to prepare the instant case for trial. On March 21, 2006, the government filed a response to the motion to intervene. On March 22, 2006, oral argument was held before this Court[1] on the motion to intervene and the motion to quash. At some point following the oral argument, the Assistant United States Attorney assigned to the case contacted the Court's law clerk to advise the Court that the grand jury that issued the subpoena had expired.

On June 1, 2007, Judge Elfvin denied defendant's motion to dismiss the indictment. Due to Judge Elfvin's health issues, the case was then reassigned to this Court.

---

[1] The motion to quash was before this Court, as opposed to Judge Elfvin, because this Court has been assigned supervisory responsibilities for all grand jury matters arising in Buffalo.

**DISCUSSION**

28 U.S.C. § 455(a) requires the recusal of a judge "in any proceeding in which his impartiality might reasonably be questioned." The Supreme Court has stated that § 455(a) requires judicial recusal "'if a reasonable person, *knowing all the circumstances*, would expect that the judge would have actual knowledge' of his interest or bias in the case." Sao Paulo State of the Federative Republic of Brazil v. Am. Tobacco Co., 535 U.S. 229, 232-33 (2002) (emphasis in original) (citation omitted); see Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988) (the standard for § 455(a) motion "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal [is] sought would entertain a significant doubt about the judge's impartiality"). "[C]ompulsory recusal must require more than subjective fears, unsupported accusations, or unfounded surmise." In re United States, 158 F.3d 26, 30 (1st Cir. 1998).

Defendant argues that recusal is required in this case because: (1) the government improperly submitted an *ex parte* affidavit in support of its response to the motion to quash a grand jury subpoena; and (2) the Assistant United States Attorney assigned to the case advised one of the Court's law clerks *ex parte* that the grand jury that issued the subpoena at issue had expired. The Court finds defendant's arguments without merit.

First, there was nothing impermissible about the government's filing and the Court's consideration of the *ex parte* affidavit. Such a filing is authorized by Rule 6 of the Federal Rules of Criminal Procedure, which prohibits the disclosure of "matter[s] occurring before the grand jury." Fed. R. Crim. P. 6(e)(2). The Rule further requires that "[r]ecords, orders and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." Fed. R. Crim. P. 6(e)(6). This Rule thus authorizes the government's use of an *ex parte* submission to demonstrate justification for the issuance of a grand jury subpoena. See In re John Doe, Inc., 13 F.3d 633, 636 (2d Cir. 1994) ("[W]here an *in camera* submission is the only way to resolve an issue without compromising a legitimate need to preserve the secrecy of the grand jury, it is an appropriate procedure."); In re Marc Rich & Co., 707 F.2d 663, 670 (2d Cir.) (stating that although "*in camera* submissions of affidavits are not be routinely accepted, an exception to this general rule may be made where an 'ongoing interest in grand jury secrecy' is at stake." (citations omitted)), cert. denied, 463 U.S. 1215 (1983).

Here, the government's *ex parte* affidavit set forth the reasons for the grand jury investigation, as well as the ongoing interest in grand jury secrecy. Because the affidavit related to a pending grand jury investigation, the

government's affidavit was properly filed *ex parte* and under seal.[2] Moreover, even if there was something improper about the submission of the *ex parte* affidavit, defendant has failed to cite any authority for the proposition that recusal would then be required.

Defendant cites the Second Circuit's decision in United States v. Abuhamra, 389 F.3d 309 (2d Cir. 2004), in support of his claim that the Court should not have received the government's *ex parte* affidavit. However, Abuhamra had nothing whatsoever to do with grand jury proceedings. It dealt with the issue of whether a court should consider *ex parte* submissions in a bail proceeding. Abuhamra does not overrule or cast doubt on the Second Circuit's decisions regarding the appropriateness of *ex parte* affidavits in the context of

---

[2] In In re Petition of Craig, 131 F.3d 99, 101 (2d Cir. 1997), the Second Circuit discussed the reason grand jury proceedings remain secret:

> The rule of secrecy has been justified by the important ways in which it is said to contribute to the success of grand juries and to the protection of those who appear before them. Its purposes include:
>
> > "(1) [t]o prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subordination of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; [and] (5) to protect [the] innocent accused who is exonerated from disclosure of the fact that he has been under investigation; and from the expense of standing trial where there was no probability of guilt."

(citations omitted).

ongoing grand jury investigations. In addition, the Court notes that in Abuhamra, the Second Circuit remanded the case back to the same judge (*i.e.*, this Court) that had considered the *ex parte* affidavit in the first instance; it did not require recusal or that the case be reassigned to a different judge. Thus, even if it were assumed *arguendo* that the Court erred in considering the *ex parte* affidavit in this case, its recusal would not be required under Abuhamra.

Nor does the *ex parte* communication between the government and the Court's law clerk require recusal. This communication simply advised the Court that the grand jury subpoena, which was at issue, was no longer effective because the grand jury's term had expired. Such a communication was procedural in nature and did not affect the merits. Thus, it was not improper. See Code of Conduct for United States Judges, Canon 3A(4) (stating a judge should "neither initiate or consider *ex parte* communications on the merits, or procedures affecting the merits, of a pending or impending proceeding"); see also Burns v. Bank of America, 2006 WL 2819589 at *2 (S.D.N.Y. Sept. 29, 2006). Furthermore, even in light of this communication, there is no reason to believe the Court will not judge this case fairly and impartially. A reasonable person, knowing all the circumstances relating to the communication, would not question the Court's impartiality. Defendant has not set forth any evidence to suggest that the Court's impartiality can reasonably be questioned in this case. Nor has

defendant established that the Court has an interest in the outcome of this matter.

## CONCLUSION

For the reasons stated, the Court denies defendant's motion for recusal. Counsel shall appear on Wednesday, August 1, 2007, at 9:00 a.m., for a meeting to set a trial date.

SO ORDERED.

s/ *Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: July 27, 2007